STATE v. W. B. BAKER.

*Indictment—Failure to Work the Public Roads—Special Courts— Road Law of Mecklenburg· County—Township Trustees— Redistricting—Sufficiency of Notice.*

1.  Where the defendant was indicted for failing to work the public roads under the special act for Mecklenburg County, and the indictment charged that he was duly assigned to work on a public road specified, situated within a particular township and county named ; that he was between the ages of eighteen and forty-five years; that he was duly summoned to work on that road at a time specified, and that he willfully and unlawfully, etc., failed and omitted to work as he was bound to do, concluding in the usual form, is substantially sufficient.

2.  Where the township trustees had failed under a special county road law to lay off new road districts according to the strict intention of the act, but had adopted those laid off under the general law : *Held*, that as there was sufficient certainty in the location of such districts to fix the liability of the defendant subject to road duty, he could not, after conviction on an indictment for not working the road, take advantage of such failure and irregularity by a motion in arrest of judgment.

3.  A notice by the Supervisor to a person subject to road duty directing him to meet the Supervisor at a time and place designated " to work the road," the place of meeting being a branch crossing the road to be worked, is sufficient : especially where it further appeared that such person had under previous notice worked that same road.

Defendant was tried and convicted at the October Term, 1890, of MECKLENBURG Criminal Court, by *Meares, J.,* upon a warrant on appeal from a Magistrate's Court, under Acts 1885, ch. 134, known as the " Mecklenburg Road Law."

The warrant charges:

" That W. B. Baker, late of the township of Crab Orchard, county of Mecklenburg, State of North Carolina, on the 31st day of July, 1889, and 1st day of August, 1889, and for

three days prior thereto, the said W. B. Baker had been duly summoned as a hand to work on a certain public road, known as the Rocky River road, situate in the township, county and State aforesaid, and that said W. B. Baker was then and during all that time between the ages of eighteen and forty-five years, liable to work on said public road, and had been duly assigned to the same; and that three days and more before the first named day, the said W. B. Baker being then and there liable as aforesaid, and having been summoned as aforesaid, did on the days and year aforesaid, to-wit, the 31st day of July and the 1st day of August, 1889, in the township and county aforesaid, with force and arms, willfully and unlawfully fail and omit to attend and work on said public road as he had been summoned, and was in law bound to do, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

The old law is contained in *The Code,* § 2014. The new law is found in section 1, chap. 134, Acts 1885.

A motion in arrest of judgment was made by the defendant because—

1. It was not alleged that defendant was, at the time laid in the warrant, a resident of any road district in which he was required to work.

2. The warrant does not allege that the defendant was notified or "warned" to attend and work at any place designated on the public road named.

3. The warrant does not allege that the defendant had not been permanently disabled in the military service of the State.

4. It does not allege that the defendant had not paid the Supervisor of the road district three dollars in lieu of work.

The defendant moved for a new trial on the ground—

1. That it was error for the Court to refuse to charge his prayer for instruction, that the Township Trustees had sufficiently complied with the act for the purpose of this action.

2. It was error to charge that the notice to the defendant was sufficient.

The other facts appear in the opinion.

Appeal from Mecklenburg Criminal Court, October Term, 1890, *Meares, J.,* presiding.

*Attorney General,* for the State.

*Messrs. Dowd & Harris* (filed a brief), for defendant.

MERRIMON, C. J.: The motion here in arrest of judgment cannot be allowed. Nothing appears, or fails to appear, in the record that could properly prevent the entry of the judgment appealed from. The defendant was charged by a State warrant with a petty misdemeanor, before a Justice of the Peace, and though the offence is not charged with great precision and particularity, the Court can at once see what it is, and the defendant can learn from the warrant all that is necessary to enable him to make defence, and to defend himself in case of a subsequent prosecution.

It is charged that he was liable and duly assigned to work on a public road specified, situate within a particular township and county named; that he was within the ages of eighteen and forty-five years; that he was duly summoned to work on that road at a time specified, and that he willfully and unlawfully failed and omitted to work as he was bound to do, etc. This was sufficient. It is not expected, nor essential, in criminal proceedings before Justices of the Peace that all the precision and niceties of pleading shall be observed as required in the Superior Courts. It is sufficient if the substance of the offence is charged, and Court and the defendant can certainly see what it is. Moreover, when such proceedings are defective the Courts should exercise liberally the large powers conferred upon them to amend the same. A mere technicality not affecting the substance should

not be allowed to defeat or delay the administration of criminal justice.

The statute (Acts 1885, ch. 134) prescribes and embodies a system in respect to "roads and highways" in the county of Mecklenburg. In many material respects it is very different from the general statute on the subject of "Roads, Ferries and Bridges," and it must be so interpreted as to effectuate its purposes appearing from its terms and necessary and reasonable implication.

It appeared on the trial that the Board of Trustees of the Township had not divided the township into suitable road districts as required by the third section of the statute just cited, nor had they observed its requirements in other respects as they should have done, and ought to be compelled to do, with a view to better and perfect the road system prescribed, but the evidence went to prove that they "adopted the districts of the old board, making such alterations as they thought advisable, allotting certain farms to a section."

This was treated as "districting the township."

The Court instructed the jury that the statute above cited prescribed no particular form to be observed in laying off the township road districts, and, that if they believed the evidence above recited, the district, as described, was sufficient for the purposes of this action. The defendant excepted, contending that the provisions of the statute are mandatory in numerous particulars specified by him, and that he could not be convicted, as the statute, in these respects, had not been observed by the Township Board of Trustees.

The third section of the statute requires that the township trustees shall "divide their respective townships into suitable road districts," and to "furnish each supervisor with a plot of his district." A leading purpose of such districts is to designate with certainty the roads with which the superintendent is to be charged, the hands liable to work on public roads subject to his authority, and to fix his and their lia-

bility and amenability for any omission of duty. The evidence went to prove that the township trustees adopted the road districts in their township as they found them when they came into office, and designated the farms, the hands on which should do road service, in the particular district where the farms were situate. Now, although the township trustees had failed to discharge their duty fully and properly, as they should have done, still the public road—a section of it—was designated, and the hands liable to do road service were assigned to duty on it. There was sufficient certainty in all respects to fix the duty and liability of the defendant, and the Court properly so decided.

The evidence went to prove that the supervisor was appointed with instructions as to the road and hands subject to his authority. He received a list of the farms, the hands on which were assigned to the road mentioned in the warrant. He testified on the trial that he personally notified the defendant to work that road on days specified; that he told him to " meet me (himself) at Hunter's Branch to work the road Wednesday and Thursday morning (the days designated). I don't think I mentioned any road." He further testified that the branch mentioned crossed the road mentioned in the warrant; that, on a later occasion, he gave the defendant like notice to work on the same road, and he went and worked as directed. The defendant insisted that this notice was not sufficient. We think it was reasonable and sufficient. The defendant was notified to meet the supervisor on the morning of days specified, at a branch that crossed the public road to be worked, to do road service. He knew that he was liable to do such service, and the fair implication from the notice was that he was required to do road service on the road specified in the warrant, which was the road the branch crossed, at the times mentioned to him. The notice was sufficiently definite, though informal, to inform him that he was required to meet the supervisor and do

service he knew he owed on the particular road that crossed the branch named, or certainly on one the supervisor would point out at the time appointed.

What has thus been said substantially disposes of the special instructions asked for by the defendant. These were founded upon highly technical grounds, and the denial of them could not prejudice any pertinent right of the defendant. Upon the merits, the conviction was a proper one.

Judgment affirmed.